| | |
|---|---|
| LAW OFFICE OF GREGORY JAVARDIAN, LLC<br>BY:    MARY F. KENNEDY, ESQUIRE<br>ID# 77149<br>1310 Industrial Blvd.<br>1st Floor, Suite 101<br>Southampton, PA  18966<br>(215) 942-9690<br>(215) 942-9695 Fax<br>Attorney for Citizens Bank, N.A. | Hearing Date: **April 8, 2025, at 11:00 am in Courtroom 4, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Raymond Thomas Oechsle, Sr., a/k/a Raymond Oechsle, a/k/a Raymond T. Oechsle, a/k/a Ray Oechsle, a/k/a Ray T. Oechsle, a/k/a RaymondT Oechsle, a/k/a Raymond Oseschle, a/k/a Raymond P. Oechsle, a/k/a Ramond T. Oechsle, a/k/a Raymond Thomas Oechsle, a/k/a Oechsle Raymond-Thomas, a/k/a Raymond-Thomas Oechsle<br>                            Debtor(s) | Chapter 13 Proceeding<br><br>No. 24-14297 AMC |

MOTION OF CITIZENS BANK, N.A. TO DISMISS CASE PURSUANT TO 11 U.S.C. §1307(c)

AND NOW, comes secured Creditor, Citizens Bank, N.A. ("Movant") by and through its counsel, Mary F. Kennedy, and files this Motion to Dismiss the Case Pursuant to 11 U.S.C. §1307(c) and avers the following:

JURISDICTION AND VENUE

1. This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §1408 and §1409.

BACKGROUND

2. On December 2, 2024 Raymond Thomas Oechsle, Sr. ("Debtor") filed the above referenced Chapter 13 bankruptcy petition.

{00970672}

3. This was the second bankruptcy filing by the Debtor. The first case, no. 24-12195 AMC, was filed on June 26, 2024 and was filed as a Chapter 11. At the request of the Debtor the case was converted to a Chapter 7. After the conversion Debtor failed to appear at two (2) scheduled 341 meetings. The case was dismissed on October 31, 2024 because the Debtor failed to pay the installment payments and the converion fee.

4. On February 4, 2021 Debtor executed a Note in the amount of $230,000.00. On that same date Debtor executed a Mortgage that gave Mortgage Electronic Registration Systems, Inc. as nominee for Investors Bank a security interest in the property located at 827 Green Street, Perkasie, PA 18944, ("the property"). Said Mortgage was recorded in the Bucks County Recorder of Deeds Office on February 12, 2021 at instrument no. 2021014174. The Mortgage was assigned to Movant via an Assignment of Mortgage recorded in the Bucks County Recorder of Deeds Office on December 27, 2022 at instrument no. 2022074160. See Exhibit "A" attached hereto and made a part hereof.

5. On December 20, 2024 Movant filed a Proof of Claim, No. 1. The Claim showed a total claim of $247,002.45 and a prepetition arrears claim of $69,164.59.

6. Debtor filed Schedule A/B on December 16, 2024. In Part 4 item 30 Debtor lists an abitration award in the amount of $571,404.91 against Citizens and PNC. Debtor listed this same arbitration award in the Schedule A/B that was filed in his previous bankruptcy case.

7. On January 29, 2025 Debtor filed an Amended Plan. The Amended Plan provides for a total Plan base of $0.00 and in Part 8 states that the Debtor "intends to settle

{00970672}

            all claims presented via Bill of Exchange(s) processed through the U.S. Treasury."

8. On January 24, 2025 Debtor filed an Objection to Movant's Proof of Claim. In the Objection Debtor alleges a right of setoff against Movant's Claim because of an arbitration award against Movant.

DISMISSAL UNDER 11 U.S.C. § 1307(c) FOR CAUSE

9. Under 11 U.S.C. § 1307(c) the court may dismiss a case for cause.

10. A Chapter 13 may be dismissed for cause under 11 U.S.C. § 1307(c) based on the bad faith of the debtor. *In re Lilley*, 91 F.3d 491 (3d Cir. 1996); *In Re Myers*, 491 F.3d 120 (3d Cir. 2007)

11. A determination of the bad faith of the debtor is assessed on a "case-by-case basis in light of the totality of the circumstances." *In re Lilley*, 91 F.3d 491 at 496.

12. The totality of the circumstances in this case and the previous case merit dismissal pursuant to 11 U.S.C. §1307 (c) for cause.

**Previous Bankruptcy**

13. During Debtor's previous bankruptcy he failed to appear at two (2) scheduled 341 meetings and failed to pay the second and third installment payments and the conversion fee.

**The Amended Plan**

14. The Amended Plan provides for a total Plan base of $0.00 and states that all debts will be paid via Bills of Exchange.

15. 11 USC §1322(a)(1) requires that the plan "provide for the submission of all or such portion of future earnings or other future income of the debtor to the

{00970672}

supervision and control of the trustee as is necessary for the execution of the plan." The Amended Plan does not do this instead it proposes to pay all debts via Bills of Exchange which are not legal tender as defined in 31 USC §5103.

16. In *Vongermetan v. Clause (In Re Vongermaten),* 2021 Bankr. LEXIS 632 (Bankr. ED WI. 2021) one of the factors the Court considered in dismissing the case for cause was a Plan provision that provided for the payment of a lien held by HUD via a Bill of Exchange. The Court noted that the Debtor "has not commenced or proposed making any payments to the Trustee in a manner defined as legal tender by 31 U.S.C. § 5103.

**The Arbitration Award**

17. In both bankruptcy cases filed by the Debtor Part 4 of Schedule A/B includes an arbitration award in the amount of $571,404.91 against Citizens and PNC Bank.

18. Debtor also claims to have an arbitration award against Movant in the Objection to Movant's Claim that he filed on January 24, 2025.

19. Movant never participated in an arbitration proceeding. The mortgage loan documents between Movant and the Debtor do not provide for arbitration.

20. By correspondence dated September 24, 2023, Debtor sent Movant a Notice of Intent to Arbitrate Dispute. See Exhibit "B" attached hereto and made a part hereof.

21. The Notice of Intent to Arbitrate Dispute references a contract number to a contract that Movant never entered into and cites as the basis for the dispute a Change in Terms Agreement Debtor Claims to have sent Movant on April 25, 2023. A copy of what Movant believes to be the Change in Terms Agreement

{00970672}

referenced by the Debtor in the Notice of Intent to Arbitrate Dispute is attached hereto and made a part hereof as Exhibit "C". Debtor called this document a Formal Debt Dispute Qualified Written Request.

22. Paragraph g on page 3 of this Change in Terms Agreement advises Movant that they have a duty to respond and if Movant fails to respond they "assent to the terms of this agreement."

23. Page 13 of this Change in Terms Agreement contains a provision that states that the parties consent to arbitration of disputes under the agreement.

24. Movant did not agree to the terms of this Change in Terms Agreement. Movant's failure to respond to this Agreement does not equal an acceptance of the Agreement. In Pennsylvania silence does not equate to an acceptance of an offer. *Solis-Cohen v. Phoenix Mut. Life Ins. Co,.* 413 Pa. 663, 198 A.2d 554 at 555 (1964); *Johnston the Florist, Inc. v. Tedco Constr. Corp.*, 441 Pa. Super. 28, 657 A.2d 511 at 516 (1995).

25. The September 24, 2023 Notice of Intent to Arbitrate Dispute references the Sitcomm Arbitration Association.

26. By letter dated October 20, 2023 Counsel for Movant advised Debtor that Movant was not legally obligated to agree to any form of arbitration and that Movant does not and will not agree to arbitration. See Exhibit "D" attached hereto and made a part hereof.

27. A Notice of Arbitration Hearing signed by Sandy Goulette, Independent Arbitrator, dated October 3, 2023 scheduled an arbitration for October 20, 2023 at

{00970672}

12:00 p.m. CST. This Notice contains no information on where this arbitration will take place. See Exhibit "E" attached hereto and made a part hereof.

28. On December 6, 2023 Movant commenced a mortgage foreclosure action against Debtor in the Bucks County Court of Common Pleas, case no. 2023-07672.

29. On or around December 28, 2023 Debtor filed a Motion to Dismiss Movant's mortgage foreclosure action. Attached as an exhibit to that Motion was a Final Arbitration Award. See Exhibit "F" attached hereto and made a part hereof.

30. It is believed and averred that this is the arbitration award referenced by the Debtor in Schedule A/B and the Objection to Claim.

31. This Final Arbitration Award claims to award Debtor $252,815.97. It is signed by the Arbitrator, Sandra Goulette.

32. A number of United States District Courts have examined alleged arbitration awards signed by Sandra Goulette and/or involving Sitcomm Arbitration Association and have found the arbitration awards to be void, unenforceable and fraudulent. *Plaza Home Mortg. Inv. V. Innovated Holdings, Inc.* 2023 U.S. Dist. LEXIS 74952 (S.D. MI 2023); *Brewer v. Wells Fargo Bank, N.A.* 2019 U.S. Distt LEXIS 246753 (N.D. GA 2020); *Meekins v. Lakeview Loan Servicing, LLC* 2019 U.S. Dist. LEXIS 222801 (E.D. VA 2019); *Bank of N.Y. Mellon v. Paterson* 2020 U.S. Dist. LEXIS 263922 (M.D. FL 2020).

33. Movant believes and avers that the arbitration award referenced by Debtor in Schedule A/B and the Objection to Claim is also fraudulent.

**Schedule J**

34. Debtor filed Schedule J on December 19, 2024.

{00970672}

35. Debtor grossly exaggerates the amount of his monthly mortgage payments on his residence.

36. Debtor lists the monthly rental or homeownership expense for the first mortgage on his residence at $234,784.00. Movant holds the first mortgage on the Debtor's residence. Per its filed Proof of Claim the Debtor's monthly mortgage payment is $2,193.56.

37. Upon information and belief PNC Bank, National Association ("PNC") holds a second mortgage on the Debtor's residence. Debtor lists the monthly mortgage payment due PNC as $343,815.00. In contrast, the Proof of Claim filed by PNC (Claim no. 4) shows a monthly mortgage payment of $2,852.85.

38. Based on the totality of the circumstances outlined above, cause exists to dismiss this case based on the bad faith exhibited by the Debtor.

WHERFORE, Citizens Bank, N.A. respectfully requests that this Honorable Court enter an Order finding that cause exists to dismiss the above-referenced case pursuant to 11 U.S.C. §1307(c), and granting any and all further relief as may be equitable and just.

Date: February 27, 2025

Respectfully submitted,

/s/ Mary F. Kennedy

{00970672}